Pearson, J.
 

 The agreement of the defendant, “ if he over wished to dispose of the slave, to .give the plaintiff the refusal at the price of §225,” was a valid stipulation, for a breach whereof, the plaintiff would have -a good cause of action; and the question is, was there a breach at the time the plaintiff sued out the writ?
 

 The fact that the defendant loaned the slave to his son, who resided out of the State, to labor for him for one week, certainly did not, of itself, constitute a breach, if done
 
 Iona fide,
 
 and without any ulterior intent thereby, indirectly, to dispose of her, and put it out of his power to perform his stipulation with the plaintiff. It maybe, from what afterwards occurred, there was evidence which entitled the plaintiff to insist that the question of intent should be submitted to the jury, but as the case is stated, it does not appear that this point was made on the trial. It is now too late for the plaintiff to avail himself of it; for the case seems to be stated with the view solely of presenting the two points made below.
 

 Upon the second point we are also against the plaintiff. The sale by the son of the defendant was made a few days before the writ issued, but the defendant had no knowledge of it, and did not ratify it until
 
 after the writ issued;
 
 consequently, although this ratification was a clear breach of the agreement, yet, the plaintiff sued out his writ before he had a cause of action. The suggestion, that as the sale was made good by this ratification, and the title thereby enured to the purchaser from the date of the sale by relation, the same
 
 *528
 
 effect must follow in regard to the breach, so as to carry that back to the date of the sale, under the maxim,
 
 omnis ratihibitio retro tralvitwr et mandato
 
 eqmparatwr, is not well founded. The maxim is misapplied in respect to the relation back, so far as it regards the breach ; its only proper application is, as between the owner of the property and the purchaser, for the protection of the latter, the ratification is considered as equivalent to a prior command, or authority, to the son ; but in regard to third persons there is no general inconvenience or policy making this fiction necessary, and they must be content to stand or fall by the actual facts, which, in our case, are that tho defendant had not parted with the title, or disposed of the slave in violation of his agreement, when the plaintiff commenced his action, but could, at that time, have recovered the slave from tho purchaser, if he had seen proper, and so, had not then put it out of his power to perform his agreement.
 

 Per Curiam,
 

 Judgment affirmed.